FARHAD NOVIAN (State Bar No. 118129)
farhad@novianlaw.com
SHARON RAMINFARD (State Bar No. 278548)
sharon@novianlaw.com
NOVIAN & NOVIAN LLP
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone:   (310) 553-1222
Facsimile (310) 553-0222

Attorney for Plaintiff,
L.A. T-SHIRT & PRINT, INC. dba RIOT SOCIETY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. T-SHIRT & PRINT, INC., a California corporation dba RIOT SOCIETY<br><br>       Plaintiff,<br><br>  v.<br><br>PRIMITIVE SKATEBOARDING, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **Trademark Infringement**<br>2. **Unfair Competition**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, L.A. T-SHIRT & PRINT, INC. dba RIOT SOCIETY ("Plaintiff"), by and through its undersigned counsel, complaining of the defendants PRIMITIVE SKATEBOARDING, INC., a California corporation; and DOES 1 through 10, inclusive (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff creates and obtains rights to unique two-dimensional non-functional artworks which are transacted primarily in and through the apparel industry.  Plaintiff owns these designs in exclusivity and exploits these designs for profit by selling products bearing the designs or entering into licensing agreements for sale or display by third parties. Defendants have knowingly and intentionally used one such design in the production of unauthorized goods which infringe Plaintiff's copyrights.

## JURISDICTION AND VENUE

2.     The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Lanham Act 15 U.S.C. §§ 1051 et seq.

3.     This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortuous acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the defendants can be found in this judicial district.

4.     Venue is proper in the United States District Court for the Central District of California on information and belief that: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortuous acts occurred, and a substantial part of the injury took place and continues to take place; and (b) this is a judicial district in which Defendants may be found.

## THE PARTIES

5.     Plaintiff L.A. T-SHIRT & PRINT, INC. ("Plaintiff") is a California corporation doing business as RIOT SOCIETY with its principal place of business in the County of Los Angeles, State of California.

6.   Upon   information   and   belief,   defendant   PRIMITIVE SKATEBOARDING, INC. ("Defendant") is, and at all times relevant was, a California corporation doing business within the jurisdiction of this Court.

7.   Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff.  Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more fully alleged herein.  Accordingly, Plaintiff sues said defendants by said fictitious names.  At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

## **FACTUAL BACKGROUND**

8.   Plaintiff is in the garment industry and regularly sells garments bearing its original designs. Plaintiff also regularly sells, licenses, or otherwise exploits its designs to manufacturers, retailers, and other third parties.

9.   Plaintiff's original designs include the following (the Design"):



Complaint

10.     Since at least as early as September 2016, Plaintiff has used, and continues to use, the Design in commerce in connection with the sales of apparel, including, but not limited to, hats, hoodies, jackets, long-sleeved shirts, t-shirts, and tank tops, which have been offered and advertised for sale by Plaintiff on numerous outlets including but not limited to, Plaintiff's website and social media pages as well as those of authorized third-party retailers.

11.     In fact, Plaintiff owns United States Patent & Trademark Office (USPTO) Registration Number 6117159 for the Design in International Class 25 for "Hats; Hoodies; Jackets; Long-sleeved shirts; T-shirts; Tank tops", with a date of first use of September 2016, filing date of December 26, 2019, and issuance date of August 4, 2020 (the "Registration").  A true and correct copy of the certificate for the Registration is attached hereto as Exhibit A.

## DEFENDANTS' INFRINGING CONDUCT

12.     In or around early to mid-2020, Plaintiff discovered that Defendant was selling products, including but not limited to, hoodies and hats, that bear designs that are nearly identical to and/or confusingly similar to Plaintiff's Design ("Infringing Products").

13.     On or about February 28, 2020, Plaintiff, through its counsel, addressed a letter to Defendant informing it of the Infringing Products.  Plaintiff demanded, among other things, that Defendant immediately cease and desist from distributing, displaying, ordering, purchasing, manufacturing, offering for sale or advertising the Infringing Products.  Plaintiff also demanded that Defendant provide a written accounting of the Infringing Products, provide the contact information for the manufacturers, stores, websites, and companies used by Defendant in relation with the Infringing Products, and provide copies of all sales receipts, invoices, customer records, accounting records, and inventories of and relating to the Infringing Products.

14.     Through counsel, Defendant responded to Plaintiff's letter by letter

dated March 11, 2020. Nonetheless, to date, Defendant has failed and refused to provide the documents and information requested by Plaintiff and has otherwise failed and refused to comply with Plaintiff's demands.

15.     Defendant has advertised and sold Infringing Products throughout the United States, including but not limited to within this judicial district. Upon information and belief, Defendant continues to advertise and/or sell the Infringing Products.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement - Against All Defendants)

16.     Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

17.     Since at least as early as September 2016, Plaintiff has continuously used its Design in commerce throughout the United States, including this judicial district, in connection with and as a source identifier for Plaintiff's goods and services including, but not limited to, hats, hoodies, jackets, long-sleeved shirts, t-shirts, and tank tops,

18.     As a result, Plaintiff has established trademark rights in its Design.

19.     In addition, Plaintiff owns the USPTO Registration for its Design.

20.     Defendants have made use of Plaintiff's Design without Plaintiff's consent, knowledge, or authority.

21.     Defendants' unauthorized use of Plaintiff's Design in connection with Defendants' marketing and sales of the Infringing Products constitutes infringement of Plaintiff's trademark rights, misappropriates the valuable goodwill developed by Plaintiff in the Design, and is likely to cause (and has actually caused) confusion, mistake, and/or deception among the relevant public as to the source of Defendants' goods and services or their affiliation, sponsorship or approval of Defendants' Infringing Products by Plaintiff and/or Plaintiff's business affiliates, advertisers, and retailers.

22.     Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to describe and/or represent, in a false or misleading fashion, Defendants' products as those of Plaintiff's.

23.     Plaintiff has earlier established, superior rights in its Design.

24.     Defendants are aware of Plaintiff's use and corresponding rights in the Design. Defendants' aforementioned acts constitute the use of Plaintiff's exact Design, and/or variations thereof, for identical or substantially similar goods and services, amounting to willful infringement of Plaintiff's trademark rights.

25.     Defendants acts of willful infringement of Plaintiff's rights in the Design have caused and, unless restrained, will continue to cause great and irreparable injury to Plaintiff, Plaintiff's business, Plaintiff's business relationship with its retailers, and to the goodwill and reputation of Plaintiff, leaving Plaintiff no adequate remedy at law.

26.     Defendants' acts are the proximate cause of such injury and damage.

27.     By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of infringement of Plaintiff's rights and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of infringement and any enhanced damages justified by the willful and intentional nature of such acts.

## SECOND CAUSE OF ACTION

**(Unfair Competition, California Business & Professions Code § 17200 – Against All Defendants)**

28.     Plaintiff hereby realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

29.     Defendants' conduct, as alleged herein, is unlawful and Defendants engaged in such conduct without privilege, justification or excuse.

30.     Defendants' repeated acts of misconduct constitute an "unlawful, unfair, or fraudulent business act or practice" in violation of California Business & Professions Code § 17200 et seq.

31.     Defendants' conduct has directly and proximately caused and will continue to cause Plaintiff substantial and irreparable injury, including customer confusion, injury to its reputation, and diminution in value of its intellectual property, and unless restrained, will continue to seriously and irreparably impair further the value of Plaintiffs Design, for which there is no adequate remedy at law.

32.     In light of the foregoing, Plaintiff is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 et seq. restraining Defendants from engaging in further such unlawful conduct, as well as restitution of those amounts unlawfully obtained by Defendants through their wrongful conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands the following relief against Defendants, jointly and severally, with respect to each claim for relief:

a.     That Defendants, their agents and servants be enjoined from selling the Infringing Products or otherwise infringing upon Plaintiff's trademark rights in the Design;

b.     That Plaintiff be awarded all profits of Defendants from sales of the Infringing Products plus all losses of Plaintiff, the exact sum to be proven at the time of trial;

c.     That Plaintiff be awarded its attorneys' fees; and

d.     Such other relief as the Court may deem appropriate.

Dated:  December 7, 2020              **NOVIAN & NOVIAN, LLP**


                                      By:   __/s/ Farhad Novian__
                                            FARHAD NOVIAN
                                            SHARON RAMINFARD

                                            Attorneys for Plaintiff
                                            L.A. T-SHIRT & PRINT, INC.

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office



**Reg. No. 6,117,159**

**Registered Aug. 04, 2020**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

L.A. T SHIRT & PRINT, INC.  (CALIFORNIA CORPORATION)
2529 Chambers Street, Unit A
Vernon, CALIFORNIA 90028

CLASS 25: Hats; Hoodies; Jackets; Long-sleeved shirts; T-shirts; Tank tops

FIRST USE 9-00-2016; IN COMMERCE 9-00-2016

The color(s) red is/are claimed as a feature of the mark.

The mark consists of a red heart with an opening in the middle in the shape of a lightning bolt; and the color white is not claimed as a feature of the mark and merely serves as background

SER. NO. 88-739,682, FILED 12-26-2019



Director of the United States
Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse)  and  an  Application  for  Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application  System  (TEAS)  Correspondence  Address  and  Change  of  Owner  Address Forms available at** http://www.uspto.gov.